UNITED STATES of America, Appellant,

v.

E. B. PEEBLES, Jr., and Lee Baldwin Peebles, Appellees.

No. 20254.

United States Court of Appeals Fifth Circuit.

May 6, 1964.

Rehearing Denied July 29, 1964.

**956**

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., David O. Walter, Ralph A. Muoio, Attys., Dept. of Justice, Washington, D. C., for appellant.

Marshall J. DeMouy, Mobile, Ala., by Armbrecht, Jackson, McConnell & De-Mouy, Mobile, Ala., for appellee.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

WISDOM, Circuit Judge.

This is a companion case to United States v. Johnson, 5 Cir., 331 F.2d 943. The facts in this case are slightly different from the facts in Johnson, but the issue is the same. The issue is whether the lump-sum distribution the taxpayer received upon termination of an employees' pension plan was paid to him on account of his "separation from the service" of his employer. For the reasons given in Johnson, we hold that the distribution does not qualify for capital gains treatment within the meaning of Section 402(a) (2) of the Internal Revenue Code of 1954.

The taxpayer, Peebles, was employed by Ryan Stevedoring Company, Inc., a wholly owned subsidiary of Waterman Steamship Corporation. Although the taxpayer was on the Ryan payroll at all relevant times, the district court found that he was an employee of Waterman until the Ryan stock was sold June 14,. 1955, to F. L. Leatherbury, an individual.. The district court found that on this sale of the stock the taxpayer became an employee of Ryan, thereby terminating his employment with Waterman. Under our view of the law, we reach the same result. whether Peebles is considered as an employee of Waterman or an employee of Ryan.

The judgment below is reversed with directions that the district court enter judgment for the United States.

GEWIN, Circuit Judge (dissenting).

For the reasons stated in my dissent in the case of United States of America v. Johnson, 5 Cir., 331 F.2d 955, a companion case, I respectfully dissent.

Rehearing denied; GEWIN, Circuit Judge, dissenting.